# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA, | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-1627 |
| v. | (JUDGE CAPUTO) |
| CAROL ANN CARROLL and TIM CARROLL, her husband, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Plaintiff's unopposed Motion for Summary Judgment (Doc. 24). For the reasons set forth below, the Court will grant the motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332.

## BACKGROUND

This is an action for declaratory judgment, arising from a motor vehicle accident that occurred on June 19, 2000. Defendant Carol Ann Carroll was injured during the accident while driving her personal automobile, a 1997 Pontiac van, which was insured by Penn National Insurance Company ("Penn National"). (Doc. 27 ¶ 1.) Pursuant to the priority section of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 PA. CONS. STAT. §§ 1701, *et seq.*, the Defendants first sought underinsured motorists benefits against Penn National. *Id.* at §1733.

Defendant Timothy Carroll, at the time of the accident, was a named insured under a commercial automobile policy issued by Selective Insurance Company of America ("Selective"). (Doc. 27 ¶ 2.) Section C of the Underinsured Motorists (UIM)

endorsement of the Selective insurance policy includes the relevant exclusion:

> This insurance does not apply to any of the following:…
> 4. 'Bodily Injury' sustained by: …
> (b) Any 'family member' while 'occupying' or struck by any vehicle owned by that 'family member' that is not a covered 'auto' for Underinsured Motorist Coverage under this Coverage Form….

(Doc. 27 ¶ 4; Doc. 28 at 12.)  At the time of the accident, Defendants Carol Ann Carroll and Timothy Carroll were legally married.  Furthermore, the 1997 Pontiac van operated by Defendant Carol Ann Carroll was not listed as a covered vehicle under the Selective policy.  (Doc. 27 ¶ 5.)  Selective seeks a declaration that this so-called "household exclusion" bars a claim by Defendants for additional UIM benefits under the Selective policy.  On November 28, 2005, Selective filed the present motion for summary judgment.  Defendants failed to file a Brief in Opposition.  This matter is now ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a

genuine one.  *See id.* at 248.  An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

If the nonmoving party fails to oppose the motion for summary judgment by evidence such as written objection, memorandum, or affidavits, the court "will accept as true all material facts set forth by the moving party with appropriate record support." *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (quoting Jaroma v. Massey, 873 F.2d 17, 21 (1st Cir. 1989)).  If those facts entitle the moving party to judgment as a matter of law, summary judgment will be granted.  *Id.*  As such, unopposed summary judgment motions will be granted where "appropriate" when the movants are entitled to a judgment as a matter of law.  FED. R. CIV. P. 56(e); *see Anchorage Assoc.*, 922 F.2d at 175.

## DISCUSSION

In *Prudential Property & Casualty Insurance Company v. Colbert*, 813 A.2d 747 (Pa. 2002), the Pennsylvania Supreme Court, in response to a certified question of law from the United States Court of Appeals for the Third Circuit, addressed whether "household exclusion" provisions in automobile insurance policies were void as contrary to Pennsylvania public policy embodied in the MVFRL.  The Pennsylvania Supreme Court noting that the dominant public policy concern behind the MVFRL is to control the rising costs of insurance, determined the MVFRL validates those exclusions that "protect insurers against forced underwriting of unknown risks that insureds have neither disclosed nor paid to insure.  Thus, operationally, insureds are prevented from receiving gratis coverage, and insurers are not compelled to subsidize unknown and

uncompensated risks by increasing insurance rates comprehensively." *Id*. at 753 (quoting *Burstein v. Prudential Prop. & Cas. Ins. Co.*, 809 A.2d 204, 208 (Pa. 2002) (emphasis omitted)).

As the Pennsylvania Supreme Court further explained in *Colbert*, "voiding the [household exclusion clause] would empower insureds to collect [uninsured motorist benefits] multiplied by the number of insurance policies on which they could qualify as an insured, even though they only paid for [uninsured] coverage on one policy." *Id*. The Pennsylvania Supreme Court consistently has rejected this result as contrary to the public policy embedded in the MVFRL. *See Nationwide Mut. Fire Ins. Co. v. Quinn*, 138 Fed. Appx. 399, (3d Cir. 2005); *Eichelman v. Nationwide Ins. Co.*, 711 A.2d 1006 (1998); *Paylor v. The Hartford Ins. Co.*, 640 A.2d 1234 (1994).

In the present case, the record submitted by Selective demonstrates clearly that the commercial automobile policy issued by Selective contained a "household exclusion" provision, and that the car operated by Defendant Carol Ann Carroll at the time of the accident was not a covered vehicle under the Selective insurance policy. The "household exclusion" provision of the Selective policy is valid and enforceable under Pennsylvania law. Accordingly, Defendants are not entitled to bring a claim for additional UIM benefits under the Selective policy. Therefore, Selective's Motion for Summary Judgment will be granted.

## CONCLUSION

Selective seeks a declaration that the "household exclusion" under its policy bars a claim by Defendants for additional UIM benefits. Selective has set forth material facts,

supported by the record, that entitle it to judgment as a matter of law.  Therefore, it is appropriate to grant Selective's unopposed motion for summary judgment.

    An appropriate order follows.


December 28, 2005                                         /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA, | |
| Plaintiff | NO. 3:04-CV-1627 |
| v. | (JUDGE CAPUTO) |
| CAROL ANN CARROLL and TIM CARROLL, her husband, | |
| Defendants. | |

**ORDER**

**NOW**, this 28th day of December, 2005, **IT IS HEREBY ORDERED** that:

(1)  Plaintiff's Motion for Summary Judgment (Doc. 24) is **GRANTED**.

(2)  The Clerk of the Court shall mark this case **CLOSED**.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge